UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS B. CURY, Jr.,

        Plaintiff,

  -against-

KATHLEEN R. BRADSHAW, ESQ. a/k/a
KATHLEEN BRADSHAW

        Defendant.
-------------------------------------------------------------------X

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

    Plaintiff, THOMAS CURY ("Plaintiff" or "Cury"), by his attorneys, MAKER, FRAGALE & DI COSTANZO, LLP, for his Verified Complaint, hereby allege:

## THE PARTIES AND JURISDICTION

1.    Plaintiff resides in Starr, County of Anderson, South Carolina 29684.

2.    Upon information and belief, Defendant, KATHLEEN R. BRADSHAW, ESQ ("Defendant" or "Bradshaw"), is an attorney duly licensed to practice law in the State of New York with an office located at 3114 East Tremont Avenue, Bronx, New York 10461.

3.    This Court has diversity jurisdiction under 28 U.S.C. 1332 because this action involves parties who are citizens of different states and the amount in controversy exceeds the sum or value required by this Court, exclusive of interest or costs. The Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. Section 1367.

## STATEMENT OF SALIENT FACTS

4.    Plaintiff is the fee simple owner of the premises known as 311 City Island Avenue, Bronx, New York ("Premises" or "Property").

5. In September 2016, the Defendant, acting as the Plaintiff's de facto attorney, prepared a draft of the contract of sale of the Premises that reflected a sale price of $300,000 (three hundred thousand dollars), and required the purchaser to give a down-payment of $50,000 (fifty thousand dollars) upon signing the subject agreement ("Contract of Sale").

6. Daniel Richland, Esq. ("Richland"), an attorney licensed to practice law in the State of New York, represented Eugene Clark ("Clark") who is the purchaser reflected in the Contract of Sale.

7. On or about Friday, September 30, 2016, Bradshaw forwarded the Contract of Sale via electronic mail in portable document format to Richland.

8. Within 72 hours of receiving the Contract of Sale, Richland amended its main terms by striking the original sale price and handwriting a new one in the amount of $200,000, a reduction of 33.33% of its original amount. Richland also struck the original down-payment amount and handwrote a reduced down-payment of $20,000, which was a reduction of 60% from its original amount; and also handwrote the balance of the reduced sale price in the amount of $180,000 (collectively referred to as "Amendments").

9. According to the Contract of Sale, this balance would be paid through a private mortgage to be provided by Plaintiff and paid back by purchaser in 15 years at an interest rate of 3.5%.

10. Richland never discussed with Bradshaw the reduction of either the purchase price or the reduction of the down-payment before making the aforesaid handwritten Amendments.

11. Richland never emailed Bradshaw concerning the reduction of either the purchase price or the reduction of the down-payment before making the aforesaid handwritten

Amendments.

12. Eugene Clark signed multiple, original counterparts of the Contract of Sale reflecting the aforesaid Amendments, and Richland mailed to Defendant hard copies of same with a bank check in the amount of $20,000 as the purported down-payment ("Amended Contract of Sale").

13. Richland and Bradshaw never exchanged any emails concerning the Amendments to the Contract of Sale.

14. There are no documented conversations or interactions between Bradshaw and Cury concerning the Amendments to the Contract of Sale or the Amended Contract of Sale.

15. There are no documents reflecting that Bradshaw ever forwarded to Cury hard copies of the signed counterparts of the Amended Contract of Sale.

16. Plaintiff never executed the Amended Contract of Sale, much less agreed to a reduction of $100,000 from the original sale price, or to any other amendment made to the Contract of Sale.

17. In or about October 2016, Bradshaw forwarded a fully executed Amended Contract of Sale to Richland purporting to reflect Cury's signature ("Executed Contract of Sale").

18. The Amendments to the Executed Contract of Sale were neither initialed nor agreed to by the Plaintiff.

19. At all times relevant herein, Plaintiff never gave the authority to Bradshaw through a lawfully executed power of attorney or otherwise to sign the Amended Contract of Sale on his behalf and never ratified the Amendments to the Contract of Sale.

20. Upon information and belief, Bradshaw signed the Amended Contract of Sale on

behalf of Plaintiff without authorization or implied consent to do so.

21.    Plaintiff declined to consummate the subject agreement under the terms of the Amended Contract of Sale.

22.    Acting as Plaintiff's attorney, Bradshaw rescinded the Executed Contract of Sale in June 2017 and returned the down-payment to Richland.

23.    Eugene Clarke, through his attorney Richland, declined the return of the down-payment and subsequently commenced an action against the Plaintiff for breach of contract which is still pending in the Bronx County Supreme Court of the State of New York ("Legal Action"). The Legal Action is one for specific performance, namely, it seeks to compel Plaintiff to sell the Premises under the terms of the Amended Contract of Sale.

24.    As a result of the Legal Action, Plaintiff has incurred substantial monetary damages and continues to incur additional damages.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY)

25.    Plaintiff reiterates Paragraphs 1 through 24 of this Complaint herein.

26.    At all times relevant herein, Defendant owed a fiduciary duty to Plaintiff to the extent that she purported to represent Plaintiff as his attorney in connection with the Contract of Sale.

27.    Defendant breached her fiduciary duty by engaging in conduct which was adverse to Cury's interests. Namely, Bradshaw provided to Richland an executed agreement the terms of which were amended by Richland and were never discussed with nor agreed to by Cury.

28.    Defendant negligently failed to notice the Amendments made by Richland which substantially reduced the purchase price of the Premises far below its fair market value; and also reduced the down-payment which would not have been sufficient to pay the then outstanding

property taxes on the Premises.

29. Defendant negligently incorporated and/or omitted additional terms that were unconscionable. Namely, she incorporated a private mortgage to be provided by Plaintiff which constituted 90% of the purchase price and payable in 15 years at an interest rate of 3.5% which was marginally above that of inflation. Plaintiff never agreed to such terms.

30. In New York City, the prevailing interest rate for private mortgages or mortgages through private equity lenders is an average rate of 10%. Plaintiff was approximately 80 years old and ill in or about October 2016 and this was known to Defendant.

31. Defendant's aforesaid negligence and intentional conduct gave rise to the Legal Action which is pending in the Supreme Court of the State of New York, County of Bronx.

32. But for Defendant's negligence and intentional conduct, Plaintiff would have sold the Premises for a sale price of $300,000.00 in 2017.

33. As a result of Defendant's negligence and intentional conduct, Plaintiff suffered monetary damages and incurred significant legal fees and continues to incur such fees in order to defend the Legal Action instituted by Eugene Clark.

34. Plaintiff suffered actual damages.

AS AND FOR A SECOND CAUSE OF ACTION<br>(LEGAL MALPRACTICE)

35. Plaintiff reiterates Paragraphs 1 through 34 of this Complaint herein.

36. In the alternative, if Defendant the authority to represent Plaintiff as his attorney in connection with the Contract of Sale, Defendant committed legal malpractice in her representation of Cury. Such legal malpractice included, without limitation, the following negligent acts of omission and/or affirmative conduct:

    (a)    errors and omissions in fulfilling her duties owed to Cury;

(b)     the failure to incorporate the main terms which Plaintiff had discussed with the purchaser, Eugene Clarke;

(c)     the error of incorporating a purchase money mortgage with unconscionable terms to which Plaintiff never agreed because of his age and health conditions.

(d)     the failure to timely notice the Amendments to the Contract of Sale including a reduction of the sale price of 33.33% which was significantly below the fair market value of the Premises;

(e)     the failure to ever discuss with Plaintiff the Amendments to the Contract of Sale or otherwise seek his consent to the aforesaid Amendments;

(f)     the error of providing a fully executed agreement to Richland purporting to reflect Plaintiff's signature without authorization to do so;

(g)     the failure to have any meaningful conversations with Plaintiff at all times relevant herein; and

(h)     the failure to exercise a sufficient degree of care or diligence by accepting the purchaser's Amendments which under the Plaintiff's circumstances were unconscionably adverse or otherwise brazenly inequitable to Plaintiff.

37.     Defendant was negligent in that she failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community in connection with the preparation, drafting, review and discussions of the Contract of Sale and the Amended Contract of Sale.

38.     But for Defendant's negligence, Plaintiff would have sold the Premises for a sale price of $300,000.00 as early as 2017 with or without a private mortgage.

39.     Such negligence gave rise to the Legal Action against Plaintiff proximately

causing Plaintiff to suffer significant damages.

WHEREFORE, on the First Cause of Action, Plaintiff demands judgment against Defendant in the amount of no less than $100,000, together with interest, costs, and disbursements of this action and such other and further damages as a jury may deem just and proper.

On the Second Cause of Action, Plaintiff demands judgment against Defendant in the amount of no less than $100,000, together with interest, costs, and disbursements of this action and such other and further damages as a jury may deem just and proper.

Dated: April 29, 2020
      Rye, New York

      Yours, etc.
      MAKER, FRAGALE & DI COSTANZO, LLP

      _____
      Costantino Fragale
      *Attorneys for Plaintiff*
      350 Theodore Fremd Avenue
      Rye, New York 10580
      (914) 925-1010