UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS B. CURY, JR.,

                        Plaintiff,

-v-

KATHLEEN R. BRADSHAW, ESQ. A/K/A KATHLEEN BRADSHAW,

                        Defendant.

20 Civ. 3351 (PAE) (SN)

ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the December 9, 2021 Report and Recommendation of Magistrate Judge Sarah Netburn, conducting an inquest into the damages plaintiff Thomas B. Cury, Jr. is due. Dkt. 28 (the "Report"). For the following reasons, the Court adopts the Report's recommendation that Cury be awarded $27,500 in legal fees; $1,551.90 in litigation costs; and $9,734.42 in property taxes, plus prejudgment interest.

**I.    Background**

On April 29, 2020, Cury filed his complaint against defendant Kathleen R. Bradshaw, making claims of breach of fiduciary duty and legal malpractice. Dkt. 1. On May 27, 2020, Bradshaw waived service, making her answer due July 27, 2020. *See* Dkt. 6.[1] On October 15, 2020, the Court issued an order to show cause, because Bradshaw had not filed an answer nor appeared in the case. Dkt. 7.

On October 19, 2020, Cury obtained a clerk's certificate of default. Dkt. 11. On October 22, 2020, Cury filed a motion for default judgment. Dkt. 12. On October 27, 2020, the Court

---

[1] The waiver is dated May 27, 2009, but was construed as May 27, 2020. *See* Dkt. 6; Report at 1.

issued an order to show cause directing Bradshaw, if she opposed the motion, to enter a notice of appearance and file in opposition by November 12, 2020. Dkt. 13. On December 14, 2020, Bradshaw having not appeared in the action, the Court entered default judgment against her. Dkt. 15. The same day, the Court referred the case to the Hon. Sarah Netburn, United States Magistrate Judge, for an inquest into damages. Dkt. 16.

On December 9, 2021, Judge Netburn issued the Report. The Court incorporates by reference the summary of the facts provided in the Report. The Report recommended that Cury be awarded $41,062.50 in fees, if he submitted proof within 14 days that he had paid that sum, or else the $27,500 that the record indicates Cury has paid. Report at 11 & n.2. The Report further recommended awarding Cury a total of $1,551.90 in litigation costs and $9,734.42 in property taxes and interest. *Id.* at 12–13. Finally, the Report recommends that Cury is entitled to prejudgment interest, at the rates set out therein. *Id.* at 14–15.

**II.   Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in

its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that the "parties shall have fourteen days" to object and "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 17, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

As the Report notes, the Court may only award the total legal fee damages calculated by Judge Netburn if Cury can prove that he has paid all of the sums described in the invoices he submitted to the Court. *See* Report at 11.[2] However, the record supports only that Cury has paid $27,500 in fees. *Id.* Thus, the Report directed Cury to submit proof of payment—or a sworn statement that he will tender payment upon receipt of a judgment award—within 14 days of the Report to be awarded any legal fees over $27,500. *Id.* at 11 n.2. Cury has not done so. Nor has Cury submitted proof of any additional legal fees since January 2021, as the Report invited him to do. *See id.* at 11. Therefore, the Court only awards Cury $27,500 in fees. The other recommended damage awards are adopted as stated.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. The Court accordingly awards Cury (a) $27,500 in attorneys' fees; (b) $1,551.90 in litigation costs; and (c) $9,734.42 in property taxes, plus prejudgment interest to be calculated by the Clerk of the Court accruing, respectively: (a) at a rate of $10.12 per day from May 3, 2019 through the date of judgment; (b)

---

[2] The Report so calculated as 109.5 hours at a rate of $375 per hour for a total of $41,062.50 in fees. Report at 11.

at a rate of $0.38 per day from May 15, 2019, through the date of judgment; and (c) at a rate of $2.40 per day from August 31, 2020, through the date of judgment.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 27, 2021
       New York, New York

4